IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-06-252 |
| | § | |
| | § | |
| ARNOLD WAYNE ROLLINGS | § | |

ORDER OF REVOCATION OF RELEASE AND DETENTION PENDING TRIAL

    In accordance with the Bail Reform Act, 18 U.S.C. § 3148(b), a hearing has been held on the government's motion to revoke this court's previous order of pretrial release of defendant Arnold Wayne Rollings. I conclude that the following facts are established by at minimum a preponderance of the evidence, and require the revocation of release and detention of this defendant pending trial in this case.

### Findings of Fact

1. Defendant Arnold W. Rollings is presently accused by indictment of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2. Rollings was released on bond by order of this court on August 8, 2006. Among the stated conditions of his release were to refrain from unlawful possession of a narcotic drug, and to participate in drug and alcohol treatment as directed by Pretrial Services.

3. On September 19, 2006, Rollings submitted a urine sample which tested positive for cocaine. Confronted with this result at his next report to Pretrial Services on September 27, 2006, Rollings admitted using cocaine at his sister's birthday party and signed an admission form to that effect.

4. At this meeting Rollings completed paperwork for admission to the inpatient substance abuse treatment facility at Bay Area Recovery. He was directed to report to that facility by 2 pm on that same day, September 27, 2006.

5. Rollings did not report to the facility as directed. The next day he left a voice mail for the Pretrial Services officer stating that he had changed his mind and was not going to residential treatment as directed. He also stated he would rather have a hearing on the matter.

6. There is clear and convincing evidence that Rollings has violated the following conditions of his release: (a) to refrain from unlawful possession of a narcotic drug; and (b) to participate in drug treatment as directed by Pretrial Services.

7. Further, there is probable cause to believe that Rollings has committed a criminal offense while on pretrial release, i.e. unlawful possession of a narcotic drug.

Statement of Reasons for Revocation and Detention

Based on the record before me I find by a preponderance of the evidence that there is no condition or combination of conditions of release that will reasonably assure that the defendant will not flee or pose a danger to the safety of any other person or the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Rollings has a significant criminal history, including delivery of a controlled substance, assault, burglary of a vehicle, and theft. On October 15, 1996 Rollings was indicted in federal court for delivery of a controlled substance. He pled guilty on February 3, 1997 and was sentenced to the Bureau of Prisons for 30 months and three years supervised release. While on supervised release Rollings conditions were modified on two occasions. The first was to attend mental health counseling following an arrest for domestic violence and the second was to attend drug counseling following a positive drug screen for marijuana. Rollings supervised release ended in 2002.

2. Rollings has a history of drug abuse. In addition to his admitted use at his sister's birthday party, he has a pending charge of possession of a controlled substance in Harris County. According to the Harris County District Attorney's offense summary, Rollings was found to be in possession of marijuana and codeine. In addition, while on supervised release in a previous case, Rollings tested positive for marijuana and admitted to the U.S. Probation Office he smoked marijuana.

3. According to the Pretrial Services report, Rollings was unemployed at the time of his arrest on the current charge, and has no history of steady employment. He is married, but has been separated from his wife since November 2004, and does not provide regular financial support for their two minor children. Although a native of Houston, Rollings does not have significant economic ties to this community.

4. By violating the conditions of his pretrial release, Rollings has demonstrated an unwillingness to abide by the instructions of this court or to comply with the supervisory authority of Pretrial Services.

5. Rollings is both a flight risk and a danger to the community.

6. Rollings is unlikely to abide by any condition or combination of conditions of release.

7. There are no conditions or combination of conditions which will reasonably assure the

      defendant's appearance at court or the safety of the community.

8.      The defendant's release is revoked, and detention is ordered.

Directions Regarding Detention

      It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

      Signed at Houston, Texas, on October 11, 2006.

_____
Stephen Wm Smith
United States Magistrate Judge